UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

      v.                                                                                                         CR. No. 10-096-ML

CHARLES NEWTON

## MEMORANDUM AND ORDER

Charles Newton ("Newton"), proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  For the reasons stated below, the motion is denied.

### I.  Background and Travel

Newton was charged with possession of cocaine with the intent to distribute, by way of information, on July 14, 2010.  On the same day, the parties filed a plea agreement.  Both the information and the plea agreement provided Newton with notice of prior convictions in accordance with 28 U.S.C. § 851.  In the plea agreement, Newton acknowledged that he might be adjudged a career offender and agreed that he would not "move to withdraw, vacate or alter any prior convictions. . . ."  Plea Agreement § 4(d); Docket # 2.  In exchange for the plea, Newton received several concessions from the Government.

Newton pled guilty on September 13, 2010.  Sentencing was originally scheduled for January 21, 2011.  At Newton's request, however, sentencing was continued.  On April 4, 2011,

---

[1] Since Newton has filed this motion pro se, the Court construes Newton's motion liberally. United States v. Stierhoff, Cr. No. 06-42 ML, 2011 WL 6003888 (D.R.I. November 30, 2011.)

Newton was sentenced as a career offender and received a sentence of 188 months incarceration, followed by 6 years of supervised release. At the sentencing hearing, Newton did not object to the career offender designation although he asserted that the designation over-represented his criminal history. Judgment entered on April 4, 2011. Newton did not file an appeal of his conviction.[2]

On September 1, 2011, Newton filed an untimely motion to correct his sentence. On September 28, 2011, this Court denied the motion finding that Fed. R. Crim. P. 35(a) governed Newton's motion and that the Court lacked jurisdiction because the motion was filed more than four months out of time. Docket # 20. Two days later, Newton filed a motion to reconsider the Court's denial. Docket # 21. On October 4, 2011, six days after filing his motion for reconsideration and before the response period on the motion had expired, Newton filed an appeal of this Court's order denying his motion to correct his sentence. Docket # 24. On December 19, 2011, the First Circuit issued an order directing Newton to file a status report informing the First Circuit of any action taken by the district court on the motion for reconsideration. Docket # 29. On December 20, 2011, this Court issued a text order denying Newton's motion to reconsider. On April 4, 2012, the First Circuit affirmed this Court's denial of Newton's motion to correct his sentence. The First Circuit concluded that "[s]ince . . . [the] motion was not filed within fourteen days after imposition of sentence, the district court was not authorized to modify the sentence . . . ." Docket # 33.

Newton now argues that one of his prior convictions was wrongly considered as a career

---

[2] Because the sentence the Court imposed was within Newton's guideline range, pursuant to the plea agreement, Newton waived his right to appeal. See Plea Agreement ¶ 13; Docket # 2.

offender predicate conviction. Newton concludes that he should not have been sentenced as a career offender.

## II. Law

Pursuant to Section 2255, a prisoner

> in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 is available only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). A motion to vacate, set aside, or correct a sentence is subject to a one year limitations period. Ramos-Martinez v. United States, 638 F.3d 315, 320-321 (1st Cir. 2011). For purposes of this matter, the one year period runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).

## III. Analysis

Giving Newton the benefit of the doubt, and applying the prisoner mailbox rule, Newton filed his § 2255 petition on November 25, 2012.[3] Newton argues that his § 2255 petition is timely because it was filed within one year of the First Circuit's denial of his appeal of his *untimely* motion to correct his sentence. The First Circuit denied the appeal of his motion to correct his sentence on April 4, 2012. Newton argues that his conviction did not become final

---

[3]Newton does not identify when he placed his motion in the prison mailing system. However, it appears that Newton executed the motion on November 25, 2012.

until April 4, 2012, thus, he contends, he had until April 4, 2013, to file his § 2255 petition.

In Mendoza v. United States, Nos. EP-11-CV-552-KC, EP-08-CR-754-KC-1, 2012 WL 28597 (W.D. Tex. Jan. 5, 2012), the § 2255 petitioner argued that the period for direct appellate review did not end until all post-trial motions, including Rule 35(a) motions, were resolved. Id. at *2. The petitioner in Mendoza argued that his conviction did not become final until 90 days after the Court of Appeals dismissed his appeal of his *untimely* Fed. R. Crim. P. 35(a) motion. Id. A "motion to reduce sentence under . . . Rule 35 of the Federal Rules of Criminal Procedure [invokes] a collateral remedy. Because a collateral challenge is a separate proceeding that does not interfere with the finality of judgment, a delayed Rule 35 motion has no per se impact on the [§ 2255] limitation period." Id. at *2 (internal quotation marks and footnote omitted); see generally Trenkler v. United States, 268 F.3d 16, 22 (1st Cir. 2001) (a "Rule 33 motion for a new trial is not part of the 'direct appeal' from a judgment of conviction unless incorporated into that appeal by virtue of Rule 4(b)" and therefore, does not toll the applicable statute of limitations under 28 U.S.C. § 2255). Thus, Newton's argument is unavailing.

Newton was sentenced on April 4, 2011; judgment entered on the same day. Newton did not file an appeal of his conviction. "When a prisoner does not file a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires." United States v. Candelario, No. CR 09-66-1-S, 2013 WL 3340730, at *2 (D.R.I. July 2, 2013). Newton's conviction became final on April 18, 2011. See Fed. R. App. P. 4(b)(1)(A)(I) (providing that a criminal defendant's notice of appeal must be filed within 14 days of the entry of judgment). Thus, Newton had until April 18, 2012, to file his § 2255 petition. Because Newton did not file his petition until November 25, 2012, it is some seven months late and thus time barred. Newton

has not provided any explanation for the untimeliness of his motion, nor does he provide any basis for equitable tolling.

Furthermore, with respect to the specific arguments that Newton has raised in his petition, the Court has considered those arguments and finds them to be without merit.

### IV. Conclusion

Newton's motion to vacate and set aside the judgment of conviction is denied and dismissed.[4]

### Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Newton has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

Newton is further advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rules Governing Section 2255 Cases, Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
February 4 , 2014

---

[4] Newton has also filed a motion to supplement (Docket # 39), a motion to appoint counsel (Docket # 40) and a motion to hold this matter in abeyance (Docket # 41). Those motions are denied as moot.