UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

v.                                          Cr. No. 10-096-ML

CHARLES NEWTON

**MEMORANDUM AND ORDER**

Petitioner Charles Newton ("Newton"), proceeding *pro se*, has filed, for the second time, a motion pursuant to 28 U.S.C. § 2255, see Dkt. Nos. 35, 52). Prior to filing the successive § 2255 motion, Newton also sought identical relief by filing a motion under Rule 36 of the Federal Rules of Criminal Procedure (Dkt. 45). For the reasons stated below, both motions are DENIED.

I. **Background and Travel**

On September 13, 2010, pursuant to a plea agreement, Newton pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 851. Under the terms of the plea agreement, Newton acknowledged that he might be adjudged a career offender and he agreed not to "move to withdraw, vacate or alter" any prior convictions. Plea Agreement ¶4.d. (Dkt. No. 2).

On April 4, 2011, Newton was sentenced to 188 months' imprisonment, followed by 6 years' supervised release (Dkt. No.

1

13). Newton's sentence reflected his status as a career offender, based on two prior state court convictions for robbery and for possession with intent to distribute cocaine, respectively. Newton did not, at the time of sentencing, object to his career offender designation.

Newton did not file an appeal[1]; however, on September 1, 2011, he filed a "Motion to Correct Sentence," challenging his designation as a career offender (Dkt. No. 17). Newton's untimely motion[2], filed more than four months after imposition of sentence, was denied (Dkt. No. 20). The Court's denial of Newton's motion was subsequently affirmed by the First Circuit Court of Appeals (Dkt. Nos. 33, 34).

On December 12, 2012, Newton filed a first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 35). In this motion, Newton again contended that he should not have been sentenced as a career offender. Because Newton's § 2255 motion had been filed seven months beyond the one year period from the date on which Newton's conviction became final, the motion was dismissed as time-barred. Memorandum and

---

[1] Under the plea agreement, Newton waived his right to appeal because the sentence imposed by the Court was within Newton's guideline range.

[2] Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a) (emphasis added).

Order at 4 (Dkt. No. 42). The Court also advised Newton that the case was not appropriate for the issuance of a certificate of appealability ("COA"). Id. at 5.

Newton did not appeal the dismissal of his first § 2255 motion; instead, on June 16, 2014, he filed a motion for correction of sentence under Rule 36[3] of the Federal Rules of Criminal Procedure, in which he again challenged his career offender designation (Dkt. No. 45). The government, in its objection to Newton's motion, correctly pointed out that (1) Rule 36 is intended to correct clerical errors, not to re-litigate contested issues; and (2) Newton's motion was more akin to a successive § 2255 motion, for which he had not sought permission from the First Circuit (Dkt. No. 48).

While his Rule 36 motion was pending, Newton filed a second motion pursuant to 28 U.S.C. § 2255 (Dkt. No. 52). In this most recent attempt to challenge the career offender designation, Newton relied on a May 9, 2014 "correction" to a drug trafficking offense of which he was convicted in state court (Dkt. No. 52-1). However, as established by the government in its objection to Newton's motion, that "correction" was reconsidered and vacated by the Rhode Island state court on March 27, 2015, see Dkt. No. 55-1, and can no

---

[3] Pursuant to Rule 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

3

longer serve as a basis for Newton's motion.

**III. Discussion**

Pursuant to 28 U.S.C. § 2244(a)(3)(A), before a second or successive habeas petition may be filed in this Court, a petitioner must first seek an order from the appellate court authorizing the Court to consider the petition. Newton does not assert, and there is no indication in the case records, that Newton ever sought such an order from the First Circuit Court of Appeals before he filed the instant motions. Accordingly, both Newton's Rule 36 motion—which is the functional equivalent of a § 2255 motion—and the instant § 2255 motion are barred as successive § 2255 motions.

**IV. Conclusion**

Because Newton has filed two successive § 2255 petitions without seeking or obtaining permission from the appellate court, the June 16, 2014 Rule 36 motion and the December 11, 2014 § 2255 motion are both DENIED and DISMISSED.

**Ruling on Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability because Newton has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Newton is advised that any motion to reconsider this ruling

4

will not extend the time to file a notice of appeal in this matter.
See Rules Governing § 2255 Cases, Rule 11(a).

SO ORDERED.


/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

**April 9, 2015**