UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　v.<br><br>CHARLES NEWTON,<br><br>　　　Defendant. | ) ) ) ) ) ) ) ) ) | C.R. No. 1:10-cr-00096-MSM-AEM-1 |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

### I.　　BACKGROUND

The defendant, Charles Newton, entered a guilty plea on September 13, 2010, to possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1)&(b)(1)(C)(1).  *See Minute Entry* of 09/13/2010.  On April 4, 2011, the Court sentenced Mr. Newton—denying his request for a sentence below the advisory guideline range—to 188 months imprisonment, to be followed by six years of supervised release.  (ECF No. 13.)  More than halfway through his term of supervised release, Mr. Newton now files a Motion seeking early termination.  (ECF No. 104.)  The Government objects to this request.  (ECF No. 105.)  For the following reasons, the Court GRANTS Mr. Newton's Motion.

### II.　　LEGAL STANDARD

After a defendant has served one year of ordered supervised release, a court may terminate the remaining period of supervision and discharge the defendant from supervision if, after examining the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B),

1

(a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court may make a decision based on a broad discretion, as ". . . district courts are afforded wide discretion to determine how much weight to assign to a particular sentencing factor." *United States v. Daoust*, 888 F.3d 571, 577 (1st Cir. 2018). Congress intended supervised release to assist individuals with treatment and training to integrate them back into society. *See* § 3553 (a)(2)(d); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000).

## III.   DISCUSSION

In support of his Motion, Mr. Newton argues that his compliance with the conditions of supervision, such as meaningful rehabilitation, lawful employment, and successful reintegration back into the community, warrants early termination of supervised release. (ECF No. 104 at 2.) The Government responds that Mr. Newton's conduct is merely "baseline compliance" with the terms and conditions of supervised release, which by itself is not grounds for early termination. (ECF No. 105 at 3.); *see United States v. Sanchez-Ramos*, No. CR-96-001, 2025 WL 3013133, at *2 (D.P.R. Oct. 28, 2025). Although the Government objects to this request, they do not contest any of the positive aspects of Mr. Newton's life that have been set forth in this Motion.

The Court has considered the parties' submissions and the relevant factors set forth in 18 U.S.C. § 3553(a). While compliance with the conditions of supervision is expected, Mr. Newton went beyond what the Government considers "baseline compliance" by satisfying child support obligations and other debts, producing

2

paystubs and maintaining a secure job, responding to positive support from his Probation Officer, and demonstrating stability within the community. (ECF No. 106 at 2.) Further, what the Government considers minimal compliance has been recognized by the First Circuit and other circuits as enough to grant early termination. *See Daoust*, 888 F.3d at 576 (affirming the sentencing court need not analyze each factor separately or at length, and that discussing personal history, the seriousness of the offense, and the need for deterrence and public safety can be main factors in a termination decision); *see also United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (noting that exceptionally good behavior or "changed circumstances" may render a previous supervised release term inappropriate).

"To keep someone on probation beyond the time necessary, wastes probation's limited resources, and takes them away from . . . supervising those who still pose a risk, or are still in need of services." *United States v. Lara*, No. 95-CR-75-08-JJM-PAS, 2026 WL 515673, at *1 (D.R.I. Feb. 25, 2026). Mr. Newton was incarcerated for 188 months and has completed over three of the six years of supervised release. *See Minute Entry* of 04/04/2011; *see Lara*, 2026 WL 515673, at *1 (noting the defendant had served almost three years of his five-year supervised release, satisfying the one-year requirement). Further, according to Mr. Newton's supervising Probation Officer—since she had begun supervising him—he has had no law enforcement contact and has maintained employment, as evidenced by the pay stubs he has provided. Additionally, in his most recent drug screen on May 7, 2026, Mr. Newton tested negative for all illegal substances. His only "positive" screening was for cocaine

in February 2023, however, there was *no* laboratory confirmation of a positive test. (ECF No. 99 at 8.)  Further, the Probation Officer supervising Mr. Newton classified him as a non-violent individual with a low failure rate.

Refusing early termination here would create the very sentencing disparity § 3553(a)(6) seeks to prohibit.  Following that, this Court again looks to *Lara*, where the defendants' Motion for Early Termination of Supervised Release was granted despite criminal conduct far worse than Mr. Newton's drug charges here.  *See* 2026 WL 515673, at *2 (where the defendant was a member of the "Almighty Latin Kings Nation," and had terminated counts including, but not limited to, extortion, murder, intimidation of a witness, and multiple firearm offenses).  This goes far beyond Mr. Newton's single intent to distribute cocaine charge, so the Court is not persuaded by the Government's argument regarding the seriousness of the offense or criminal history here.  *See Lara*, 2026 WL 515673, at *1; *see also United States v. Guzman-Madera*, No. 1:22-CR-10189-IT, 2025 WL 1127618, at *1 (D. Mass. Apr. 16, 2025) (granting the motion for early termination of supervised release despite the defendant's history of drug-related charges, based on present rehabilitation); *see* 18 U.S.C. § 3553(a)(6) (providing that defendants with similar records should not face unwarranted sentence disparities when found guilty of similar conduct).

Considering his lengthy period of incarceration without issues, his successful compliance during supervised release, and the Probation Officer's favorable report of his performance, continued supervision is no longer necessary as it served its congressional purpose.  Mr. Newton's extensive incarceration and more than three

4

years of supervised release is more than enough to promote public deterrence of the crimes and public respect for the justice system, as well as to rehabilitate him.  *See* § 3553(a)(2).

## V.   CONCLUSION

The Court agrees that the Defendant has shown that early termination of his term of supervision is warranted and is in the interest of justice.  *See United States v. Woods*, 23-cr-0038-MSM-LDA, 2024 WL 81307, at *1 (D.R.I. Jan. 8, 2024).   In consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court GRANTS the Defendant's Motion for Early Termination of Supervised Release.  (ECF No. 104.)

IT IS SO ORDERED,

_____
Mary S. McElroy,
United States District Judge

July 20, 2026